1  REED E. SCHAPER  (SBN 082792)
   rschaper@hkemploymentlaw.com
2  MONTE GRIX (SBN 241050)
   mgrix@hkemploymentlaw.com
3  HIRSCHFELD KRAEMER LLP
   233 Wilshire Boulevard, Suite 600
4  Santa Monica, CA  90401
   Telephone:  (310) 255-0705
5  Facsimile:   (310) 255-0986

6  Attorneys For Defendant
   CAL. NED. INC.

7

8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11

12  CYNTHIA PRICE, an individual,          Case No.

13                    Plaintiffs,           [Los Angeles County Superior Court
                                            Case No. BC606947]
14  vs.
                                            **NOTICE OF REMOVAL (28 U.S.C. §§**
15                                          **1331, 1441(A) AND 1446)**
    CAL. NED. INC., a California
16  corporation; and DOES I through 50,     **[Supporting Declaration of Monte Grix**
    inclusive,                              **filed concurrently]**
17
                     Defendants.
18

19                                          Complaint Filed:   January 14, 2016

20

21  **TO THE CLERK OF THE COURT:**

22         PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. sections 1331,

23  1441(a) and 1446, the Defendant in the above-entitled action, Cal. Ned Inc.

24  ("Defendant"), hereby removes the above-entitled action from the Superior Court of

25  California in and for the County of Los Angeles to the United States District Court

26  for the Central District of California. This Court has original jurisdiction over this

27  action under 28 U.S.C. Section 1331, and it is one which may be removed to this

28

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

4812-2581-6116

1  Court pursuant to 28 U.S.C. Section 1441(a), in that it is a civil action founded on a
2  claim or right arising under the laws of the United States.

3  **GROUNDS FOR REMOVAL ON THE BASIS OF ORIGINAL JURISDICTION**

4  **I.    INTRODUCTION**

5      Plaintiff, Cynthia Price ("Plaintiff") is a member of the Theatrical Wardrobe
6  Union, Local 768 (the "Local 768"), of the International Alliance of Theatrical
7  Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the
8  United States, its Territories and Canada, AFL-CIO, CLC and was formerly
9  employed by Defendant as the House Head of its Wardrobe Department at the
10  Pantages Theater in Hollywood, California.  Plaintiff filed a Complaint in the
11  Superior Court of the State of California, in and for Los Angeles County, entitled
12  *Cynthia Price v. Cal. Ned Inc.,* Case No. BC606947 (hereinafter the "Complaint"),
13  which was personally served on January 19, 2016.  Defendant answered the
14  Complaint on February 18, 2016 in the Los Angeles Superior Court.  The
15  Complaint, Summons and Answer constitute all of the process, pleadings and orders
16  to date in the state action described above.  (*See* Exhibits 1 and 2 hereto.)

17      The Complaint states six causes of action against Defendant, all arising out of
18  Plaintiff's employment with Defendant.  All causes of action are stated under
19  California state law, but, as set forth below, Plaintiff's verified responses to
20  Defendant's first set of written discovery requests demonstrate that, at a minimum,
21  the fourth cause of action for wrongful termination and the sixth cause of action for
22  unpaid wages and for wrongful termination in violation of public policy each
23  require interpretation of a collective bargaining agreement, and therefore they arise
24  under, and are preempted by § 301 of the federal Labor Management Relations Act
25  ("LMRA").  *See* 29 U.S.C. § 185(a).  As such, this Court has exclusive subject
26  matter jurisdiction over such claims.

27      Defendant now files this Notice of Removal on the basis of this Court's
28  original jurisdiction under Section 1331 of the Title 28 of the United States Code.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## II.    THE NOTICE OF REMOVAL IS TIMELY

Removal of a complaint from state court to federal court must be effected within 30 days from the date it becomes apparent that the case may be removed.  28 U.S.C. § 1446(b).  It became apparent that the Complaint was removable not upon service of the Complaint (as the Complaint itself does not indicate such removability), but upon service of Plaintiff's responses to Defendant's first set of written discovery requests (Form Interrogatories-Employment and Requests for Production of Documents) and Plaintiff's first document production. (*See* Declaration of Monte Grix ["Grix Decl."], Exhibits 1 through 6.)  This notice is filed within 30 days of Defendant's receipt of such responses and document production. (Grix Decl., ¶¶ 4-6, Exhibits 3-6.)  Accordingly, this notice of removal is timely.  *See Akin v. Big Three Indus., Inc.* 851 F. Supp. 819, 825 (ED TX 1994) (the right to remove, when the state court complaint alleges a state claim that is in reality a federal claim arises or is triggered when a defendant first receives notice that the action is, in fact, based on a federal claim or claims).  *See also Brooks v. Solomon Co.,* 542 F. Supp. 1229, 1230 (ND AL 1982) (basis for removal, that claim was completely preempted by federal labor law, discovered at deposition; removal timely when filed within 30 days of that deposition).

## III.    THIS COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION

### A.    Legal Authority

This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1331, and one which may be removed to this Court pursuant to 28 U.S.C. Section 1441(a), in that it is founded on a claim or right arising under the laws of the United States.

Federal subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  Normally, a claim arises under federal law "when a

1   federal question is presented on the face of plaintiff's properly pleaded complaint."

2   *Caterpillar Inc. v. Williams* 482 U.S. 386, 392 (1987).[1]  However, there are

3   instances in which Congress may so completely preempt certain state law claims

4   such that *any* civil complaint arising under this select group of claims is necessarily

5   federal in character. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463

6   U.S. 1, 24 (1983).  If a federal cause of action completely preempts a state cause of

7   action, any complaint that comes within the scope of the federal cause of action

8   necessarily arises under federal law.  *Id.*  Causes of action that implicate Section

9   301 of the LMRA are of the kind that may completely preempt state law claims and

10  form the basis of federal jurisdiction. *Young v. Anthony's Fish Grottos, Inc.*, 830

11  F.2d 993, 997 (9th Cir. 1987).

12       For preemption analysis under the LMRA, it is not dispositive that the

13  Complaint is framed without reference to the applicable collective bargaining

14  agreement.  Rather, preemption is required if Plaintiff's claims can be resolved only

15  by referring to the terms of the agreement. *Newberry v. Pacific Racing Ass'n,* 854

16  F. 2d 1142, 1146 (9th Cir. 1988).   Put another way, if the determination of the

17  merits of a complaint are "inextricably intertwined with consideration of the terms

18  of a labor agreement," then its claims are preempted by § 301 of the LMRA. *Allis-*

19  *Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).   The key to determining the

20

21  [1] "Artful pleading" of a complaint, i.e., pleading that conceals or obscures the
    removability of the complaint, will not prevent removal. *Rivet v. Regions Bank of*
22  *Louisiana*, 522 US 470, 475 (1998).  The artful pleading doctrine applies squarely
    to the LMRA, which again, completely preempts state law claims. *See* Schwarzer,
23  Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before
24  Trial, 2:2568 (Rutter Group, 2016).   Here, however, Defendant does not assert that
    the removability of this action was obscured due to artful pleading of the
25  Complaint; rather, the Complaint incorrectly (and *in*artfully) states that all claims
26  arise exclusively under California law.  As above, the nature of the Complaint (and
    its removability) first became apparent upon receipt of Plaintiff's responses to
27  Defendant's written discovery requests.
28

4

1  scope of the LMRA preemption is whether resolution of the state law claim requires

2  the court to construe a provision of the collective bargaining agreement. *Lingle v.*

3  *Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405-06 (1988).

4      The Ninth Circuit, sitting en banc, has applied the following preemption

5  analysis: an application of state law is preempted by § 301 if such application

6  requires either "substantial [] dependen[ce] upon analysis of the terms" of the

7  applicable collective bargaining agreement or would "require the interpretation of"

8  a collective bargaining agreement, both of which would give rise to LMRA

9  preemption. *See Cramer v. Consolidated Freightways Inc.*, 255 F.3d 683, 689-90

10  (9th Cir. 2001 (en banc)). *See also Lingle, supra,* at 405-6 ("if the resolution of a

11  state law claim depends upon the meaning of a collective-bargaining agreement, the

12  application of state law (which might lead to inconsistent results since there could

13  be as many state-law principals as there are States) is pre-empted and federal labor-

14  law principles—necessarily uniform through the Nation-must be employed to

15  resolve the dispute").

16      Here, although the Complaint purports to state claims arising exclusively

17  under California law, at least the fourth and sixth causes of action for unpaid wages

18  and for wrongful termination in violation of public policy require interpretation of,

19  or, at a minimum, "substantial dependence" upon, a collective bargaining

20  agreement.  All such claims are preempted by § 301 of the Labor Management

21  Relations Act ("LMRA"), 29 U.S.C. § 185(a), and the Complaint arises under

22  federal law.[2]

23

24

25  ///

26  ——————————

27  [2] Defendant believes that further discovery will confirm that other (if not all) causes
   of action in the Complaint are preempted under the LMRA, but for the present

28  purpose of removal, Defendant focuses upon these two causes of action.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1

**B.    Plaintiff's Complaint**

The Complaint states six causes of action as follows: (1) "VIOLATION OF MEAL PERIOD LAW (Labor Code §§ 226 & 512)"; (2) "VIOLATION OF WAGE AND HOUR LAWS—WAITING TIME PENALTIES (Labor Code §§ 202, 203)"; (3) "FAILURE TO PAY WAGES (Labor Code §§ 204, 207)"; (4) "FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS/FAILURE TO KEEP RECORDS (Labor Code §§ 210, 226)"; (5) "UNFAIR COMPETITION IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 et seq."; (6) "WRONGFUL TERMINATION/TERMINATION IN VIOLATION OF PUBLIC POLICY (Labor Code §§ 204, 207, 210, 226, 226.7, 512, 1102.5 et seq.; Business and Professions Code § 17200 et seq.)" (Complaint, p. 1.)  Although all of the foregoing claims, on their face, ostensibly state causes of action under California law, the fourth and sixth causes of action will require interpretation of the applicable collective bargaining agreement.

**1.    The Fourth Cause of Action for "Failure to Pay Wages" Requires Interpretation of the Collective Bargaining Agreement**

Defendant's Request for Production of Documents No. 16 seeks "All DOCUMENTS that support YOUR allegation in Paragraph 6 of YOUR COMPLAINT that 'Plaintiff complained to Defendant CAL. NED.'s supervisory and managerial employees, including, but not limited to, Ann Kelleher (Business Representative), Marty Wiviott (General Manager), Jeff Loeb (Associate General Manager), and Scott Madrigal (Technical Director/Supervisor), of wage and hour violations as to herself and other employees.'"  (Grix Decl., Exh. 2.)

Plaintiff responded that she "agrees to comply with this request.  See documents Bates Stamped: ([PRI] 000001-000161.)"  (Grix Decl., Exh. 5.) Among the documents produced were the current (PRI 101-118) and prior (PRI 121-135) collective bargaining agreements between Defendants and the Local 768 (the current collective bargaining agreement, PRI 121-135, shall be referred to

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

hereafter as the "CBA"). (Grix Decl., Exh. 6.)   Also produced with these verified responses was a single page with the heading "16- wage hour violations" that goes on to state, in part, as follows:

> see [*sic*] contract negotiation e-mails.  they [*sic*] show that everyone was aware my pay was not correct [.]  on [*sic*] shows that were only one or two days we worked over 8 hours in a day without ever going into overtime because the way the pay was calculated [.]  we [*sic*] were paid an initial load in of five hours [.]  hour [*sic*] meal break then hourly until show call [.]  show [*sic*] call was 4 hours and paid at one rate[.]  we would work 12 hours but get no overtime.

(Grix Decl., Exh. 6, PRI 000022.)  Plaintiff's response demonstrates that this cause of action for unpaid wages is squarely dependent upon interpretation of the CBA.  Article VII of the CBA, "Determining Rate of Pay," contains 12 subparts that include great detail on what "work" events are payable, and at what rate.  (Grix Decl., Exh. 6, CBA, PRI 108-109.)  The CBA, in Article IX, also defines, in 11 subparts, the term "call," which is used in Plaintiff's above statement, as well as the term "pack-in" (which Plaintiff refers to as "load in," above).  (CBA, Article IX, PRI 110-111.)  The complexity of the CBA's terms and definitions also demonstrates that proving Plaintiff's first cause of action, and the reasonableness or unreasonableness of Defendant's actions, does not merely require reference to the CBA, but rather, close interpretation of its terms.  *See Kirton v. Summit Medical Center,* 982 F. Supp. 1381, 1386-87 (N.D.Cal. 1997) ("[c]onduct ... might be deemed reasonable because the CBA permits it or deemed unreasonable because the CBA prohibits it.").  Given that resolution of this cause of action is substantially dependent upon, and requires interpretation of, the terms of the CBA and related documents, this claim is preempted.

///

2. **The Sixth Cause of Action for Wrongful Termination in Violation of Public Policy Requires Interpretation of the Collective Bargaining Agreement**

a. ***Plaintiff Asserts that She Complained during "Contract Negotiations" That She Be Compensated for "Doing Payroll"; Yet the Collective Bargaining Agreement Expressly Delegates this Duty to the House Head and Provides Time for the Task***

In the Complaint, Plaintiff alleges, in support of this sixth cause of action, that one of the public policies/statutes alleged to have been violated (and which supports this cause of action) is Section 1102.5 of the California Labor Code, which prohibits an employer from "retaliat[ing] against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information…to a person with authority over the employer or another employee who has the authority to investigate, discover, or correct the violation or noncompliance [of a local, state or federal statute, regulation or rule]."  (Complaint, p. 10, lines 1 through 6.)  Cal. Lab. Code § 1102.5(b).

Plaintiff's responses to Defendant's request for production of documents speak directly such alleged retaliation.  Request for Production No. 1 seeks "All DOCUMENTS which REFER OR RELATE to any action YOU contend was an act of *retaliation* by DEFENDANT toward YOU."  (Emphasis added.)  In response, Plaintiff stated, "Plaintiff agrees to comply with this request.  See documents Bates Stamped: ([PRI] 000001-00161)."  (Grix Decl., Exhs. 2, 5.)  Within this Bates range, Plaintiff produced not only the current and former CBAs, but also a single page headed "Request for Production 1," which states, in part, that "[d]uring contract negotiations for the Pantages I brought up the fact that I had been asking management to compensate me for the work I do at home and for doing payroll.  It was always brushed aside and I was never paid."  (Grix Decl., Exh. 6, PRI 000001.)  In short, Plaintiff claims that she was not paid for certain work, including payroll duties, and that she was terminated for complaining about not being paid for such

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1    work.

2    Yet according to the CBA, Plaintiff was expressly compensated for such

3    payroll duties.  The CBA states that "the Head of Department ["House Head"] shall

4    be responsible for doing the payroll," and it further provides an additional 30

5    minutes for each performance call (a four hour call time, as opposed to three and a

6    half hours for all other Wardrobe personnel) that was specifically bargained for in

7    order to complete such payroll duties.  (Grix Decl., Exh. 6, CBA, Article IX,

8    Section 9.5; Article X, Section 10.1B, PRI 110, 111.)  Accordingly, determining

9    whether Defendant's actions were reasonable or unreasonable (i.e., wrongful) will

10   require interpretation of the CBA, as well as the potential admission of parol

11   evidence as to the meaning and intent of certain terms.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

b.    *Under the Terms of the CBA, Plaintiff Was Not "Terminated," and She Was Free to Return to the Wardrobe Department Through a Union Hall Referral*

Plaintiff alleges on the face of her Complaint that she was wrongfully

terminated.  She further claims, in her discovery responses, that her employment

with Defendant was not "at will."  (Grix Decl, Exh. 3, Response to Form

Interrogatory 200.2.)  Plaintiff "bases this contention [that she was not "at will"] on

the fact that she had a strict procedure with the union on how an employee was

disciplined and terminated."  (*Id.*)  She then states that one such procedure required

that a "[n]on referral letter had to be written within 7 days."  (*Id.*)  This is an

inaccurate interpretation of the CBA.

The "[n]on referral letter" described in this discovery response is a term of

the CBA, under "Preferential Hiring" and states: "The Company retains its right to

reject any individual for any reason not prohibited by law.  The Company shall

submit to the Union a written explanation of the specific reasons for any rejection

within fourteen (14) days, whenever an employee's performance may lead to a

rejection for future work."[3]  (Grix Decl., Exh. 6, PRI 105, CBA, Section 2.5.)  Yet importantly, no such non-referral needed to be submitted for Plaintiff for two reasons: one, there is a specific provision in the CBA for severance of the "House Head," which requires only two weeks' notice during a production, as well as severance pay.  (Grix Decl., Exh. 6, CBA, PRI 113, Section 10.6)  Second, the "non-referral" letter only comes into play if Defendant does not want to employ a Local 768 employee at all in the future, i.e., in any capacity.  Defendant did not need to, and did not submit such a letter because it was willing to re-employ Plaintiff, just not as House Head.  Indeed, short of having a non-referral letter in place, 60% of the Local 768 employees that are employed on any given day are entirely at the discretion of the Local 768, not Defendant.  (CBA, PRI 106, Section 2.7.)  Put bluntly, Defendant believes that Plaintiff's interpretation and application of the CBA is fundamentally wrong on several points, including whether she was "terminated" (she was not—she was informed, after the close of the production, only that she would not return as House Head),[4] and whether the "non referral letter" and other mechanisms to which she refers even apply to a "House Head" (they don't).  Regardless, the fact that the parties have fundamentally different interpretations of the CBA demonstrates that this claim cannot be resolved without the *Court's own* interpretation of the CBA.  For this reason, the sixth cause of action is preempted under the LMRA.

---

[3] Plaintiff refers to a seven day period, but the current CBA has a 14 day period (there is no applicable 7 day period).

[4] It is further worth noting that, before and after Plaintiff's employment, Defendant has "rotated" the House Head  position, i.e., no House Head serves in that role for more than one production consecutively.  As such, Local 768 employees who were formerly House Heads return to employment in the Pantages subsequently in non-House Head, Wardrobe positions.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## IV. <u>THIS COURT HAS PENDENT JURISDICTION OVER ALL REMAINING CAUSES OF ACTION ARISING UNDER STATE LAW</u>

All causes of action alleged in the Complaint arise from the same "common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Therefore the court has jurisdiction over the remaining causes of action (claims) based on pendent jurisdiction. *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 646 (9th Cir 1989).

Based on the foregoing, this action arises under the laws of the United States and is one which may be removed to this Court without regard to the amount in controversy or the citizenship or residence of the parties pursuant to 28 U.S.C. Section 1441(a). *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

## V. <u>CONCLUSION</u>

For all of the above reasons, this Court has original jurisdiction over this action. This case is properly removed to the United States District Court for the Central District of California from the Superior Court of California for Los Angeles County. Accordingly, Defendant gives notice of the removal of this civil action. Written notice of the filing of this Notice of Removal will be filed with the Clerk of the Superior Court of California for Los Angeles County, as required by 28 U.S.C. § 1446(d).

Dated: July 21, 2016                                HIRSCHFELD KRAEMER LLP

By: _____
Reed E. Schaper
Monte K. Grix
Attorneys for Defendants CAL. NED. INC.

HIRSCHFELD KRAEMER LLP
Attorneys At Law
Santa Monica

Exhibit 1

**(CITACION JUDICIAL)**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CAL. NED. INC., a California corporation; and
DOES 1 through 50, inclusive

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 1 4 2016

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CYNTHIA PRICE, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

CASE NUMBER: *(Número del Caso):* BC 606 947

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles County Superior Court
111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jay S. Rothman          JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Boulevard, Suite 210     (818) 986-7870
Woodland Hills, CA  91367

DATE:                                Clerk, by _____ , Deputy
*(Fecha)*  SHERRI R. CARTER  *(Secretario)*   CRISTINA GRIJALVA  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

[SEAL]

JAN 1 4 2016

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]



**SUMMONS**

Code of Civil Procedure §§ 412 20, 465
www.courtinfo.ca.gov

PRICE, Cynthia

**JAY S. ROTHMAN & ASSOCIATES**
JAY S. ROTHMAN (SBN 49739)
21900 Burbank Boulevard, Suite 210
Woodland Hills, California 91367
Telephone:   (818) 986-7870
Facsimile:   (818) 990-3019
E-Mail: lawyers@jayrothmanlaw.com

Attorneys for Plaintiff
CYNTHIA PRICE

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 1 4 2016

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

**BC 6 0 6 9 4 7**

| | |
|---|---|
| CYNTHIA PRICE, an individual, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **VIOLATION OF MEAL PERIOD LAW** (*Labor Code* §§226.7, 512); |
| CAL. NED. INC., a California corporation; and DOES 1 through 50, inclusive, | 2. **VIOLATION OF WAGE AND HOUR LAWS - WAITING TIME PENALTIES** (*Labor Code* §§202, 203); |
| Defendants. | 3. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS / FAILURE TO KEEP RECORDS** (*Labor Code* §§ 210, 226); |
| | 4. **FAILURE TO PAY WAGES** (*Labor Code* §§ 204, 207); |
| | 5. **UNFAIR COMPETITION IN VIOLATION OF** *BUSINESS AND PROFESSIONS CODE* §17200, et seq.; |
| | 6. **WRONGFUL RETALIATION / TERMINATION IN VIOLATION OF PUBLIC POLICY** (*Labor Code* §§ 204, 20 7, 210, 226, 226.7, 512, 1102.5, et seq.; *Business and Professions Code* §17200, et seq.) |
| | **DEMAND FOR JURY TRIAL** |

///
///
///

1                                                    COMPLAINT FOR DAMAGES

## STATEMENT OF FACTS

1.  Plaintiff CYNTHIA PRICE, an individual (hereinafter "plaintiff"), was employed by defendant CAL. NED. INC., a California corporation (hereinafter "defendant CAL. NED."). She was employed in the position of "house head" or "head of wardrobe." She began working for defendant CAL. NED. in or around 2002.

2.  Plaintiff has worked in wardrobe for over 18 years. During her time with CAL. NED., she worked at the Pantages Theater and was responsible for supervising between eight and 16 employees. Her last rate of pay was $29.65 per hour. Prior to May/June, 2015, her hourly rate was $28.96. At all times during her employment, plaintiff was a non-exempt employee.

3.  During her employment, defendant CAL. NED. failed to pay plaintiff for all hours worked, failed to pay her back pay owed and failed to provide her with uninterrupted meal periods.

4.  Throughout her employment for defendant CAL. NED., plaintiff complained that she was not paid for all hours worked, not paid for back pay owed and not provided uninterrupted meal periods.

5.  As the supervisor for eight to 16 employees, plaintiff noted that other employees were not paid for all hours worked, not paid back pay wages owed and not provided uninterrupted meal periods. She supported the complaints of wage and hour violations filed by other employees, including, but not limited to, Christa Armendiaz.

6.  Plaintiff complained to defendant CAL. NED.'s supervisory and managerial employees, including, but not limited to, Ann Kelleher (Business Representative), Marty Wiviott (General Manager), Jeff Loeb (Associate General Manager), and Scott Madrigal (Technical Director/Supervisor), of wage and hour violations as to herself and other employees.

///

///

///

COMPLAINT FOR DAMAGES

7.     Following her complaints, plaintiff was retaliated against.   Said retaliation included, but was not limited to, defendant CAL. NED. criticizing her performance, reducing her hours, improperly reprimanding her and then terminating her employment on September 9, 2015.  She was retaliated against for complaining of wage and hour violations.

## GENERAL ALLEGATIONS

8.     This is a complaint by an individual for damages arising out of the wrongful conduct of defendants CAL. NED. and DOES 1 through 50 (hereinafter collectively referred to as "defendants").  Plaintiff seeks compensatory damages.

9.     The true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, are unknown to plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will ask leave of the Court to amend this Complaint to show their true names and capacities when same have been ascertained.

10.     Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and negligently, wantonly, recklessly, tortiously and/or unlawfully proximately caused the injuries and damages thereby to plaintiff as herein alleged.

11.     At all times mentioned herein, defendants were employers located at 6233 Hollywood Boulevard, Los Angeles, California 90028.

12.     At all times herein mentioned, defendants existed under the laws of the State of California, and at all times herein mentioned were authorized to do business in the County of Los Angeles, State of California.

13.     At all times herein mentioned, plaintiff was an individual who resided in the City of Frazier Park, and an employee of defendants, and was and is a citizen of the State of California.

14.     The conduct complained of herein was ratified in the County of Los Angeles, State of California.

///

///

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

### VIOLATION OF MEAL PERIOD LAW

#### (*Labor Code* §§ 226.7, 512)

#### (Against Defendants CAL. NED. and DOES 1-50)

15.   The allegations of the Statement of Facts and preceding paragraphs are incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Violation of Meal Period Law.

16.   *Labor Code* section 512, et seq., provides, in pertinent part, that an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.  *Labor Code* section 226.7(a) states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

17.   When plaintiff worked for defendants, she was a non-exempt hourly employee.  During her employment, plaintiff worked more than five hours per day, but was not provided a meal period.  When she worked more than 10 hours per day, she did not receive a second meal period.  These acts by defendants constituted a violation of California's wage and hour laws.

18.   Defendants had a practice of not providing employees with meal periods.

19.   This failure violated *Labor Code*, including but not limited to sections 226.7 and 512.

20.   Thus, plaintiff and all hourly employees who did not receive meal periods are owed monies.

COMPLAINT FOR DAMAGES

21.   *Labor Code* section 200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece commission basis, or other method of calculation.

22.   Plaintiff has been available and ready to receive wages owed to her.

23.   Plaintiff has never refused to receive any payment, nor has plaintiff been absent from defendants' regular places of business.

24.   Defendants' failure to provide plaintiff with meal periods was wilful because it had knowledge of the illegality of failing to provide meal periods and has intentionally failed to do so as required by law.

25.   Plaintiff also requests all unpaid wages, waiting time penalties and interest. (*Labor Code* §§ 218.5, 218.6.)  Plaintiff further requests civil penalties as provided for in *Labor Code* section 558.

26.   As a direct and proximate result of defendants' failure to provide the entitlements set forth above, plaintiff has suffered lost wages and other benefits of employment in an amount to be proven at trial.

27.   Plaintiff also seeks additional pay pursuant to *Labor Code* section 226.7(b).

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION

### VIOLATION OF WAGE AND HOUR LAWS - WAITING TIME PENALTIES

### (*Labor Code* §§ 202, 203)

### (Against Defendants CAL. NED. and DOES 1-50)

28.   The allegations of the Statement of Facts and preceding paragraphs are incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Violation of Wage and Hour Laws - Waiting Time Penalties.

29.   *Labor Code* section 203, provides in pertinent part that if an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201, 201.5,202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee

///

COMPLAINT FOR DAMAGES

1  shall continue as a penalty from the due date thereof at the same rate until paid or until an

2  action therefore is commenced; but the wages shall not continue for more than 30 days.

3      30.   When plaintiff worked for defendants, she was a non-exempt hourly employee.

4  Pursuant to *Labor Code* section 202, upon her termination, she was due immediate payment

5  of her wages. However, she was not immediately paid all wages owed her. These acts by

6  defendants constituted a violation of California's wage and hour laws.

7      31.   This failure to *Labor Code*, including but not limited to sections 202 and 203.

8      32.   Thus, plaintiff and all hourly employees who did not receive immediate payment

9  of wages upon their termination are owed monies.

10      33.   *Labor Code* section 200 defines "wages" as including all amounts for labor

11  performed by employees of every description, whether the amount is fixed or ascertained by

12  the standard of time, task, piece commission basis, or other method of calculation.

13      34.   Plaintiff has been available and ready to receive wages owed to her, including

14  overtime wages.

15      35.   Plaintiff has never refused to receive any payment, nor has plaintiff been absent

16  from defendants' regular places of business.

17      36.   Defendants' failure to pay plaintiff's wages due and owing plaintiff was wilful

18  because defendants have failed to pay any portion of the amount due and owing plaintiff.

19  Defendants' conduct was wilful because it had knowledge of the illegality of failing to

20  immediately pay wages and has intentionally failed to make payment as required by law.

21      37.   Plaintiff also requests all unpaid wages, waiting time penalties and interest. (*Labor*

22  *Code* §§ 202, 203, 218.5, 218.6.) Plaintiff further requests civil penalties as provided for in

23  *Labor Code* section 558.

24      38.   As a direct and proximate result of defendants' failure to provide the entitlements

25  set forth above, plaintiff has suffered lost wages and other benefits of employment in an

26  amount to be proven at trial.

27      Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

28  ///

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS /

### FAILURE TO KEEP RECORDS

### (*Labor Code* §§ 210, 226)

### (Against Defendants CAL. NED. and DOES 1-50)

39.   The allegations of the Statement of Facts and preceding paragraphs are incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Provide Accurate Wage Statements.

40.   Defendants knowingly and intentionally failed to provide plaintiff with a true and accurate wage statement showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of *Labor Code* section 226(a).

41.   Defendants knowingly and intentionally failed to follow California's timing and record keeping requirements as set forth in *Labor Code* section 210.

42.   Pursuant to *Labor Code* section 210, plaintiff is entitled to penalties of $50 or $100 per pay period plus up to 25% of the wages not paid to plaintiff each pay period.

43.   Pursuant to *Labor Code* section 226(e), plaintiff is entitled to penalties in the amount of $50 for the initial pay period in which the violation occurred, plus $100 for each violation in a subsequent pay period, up to an aggregate penalty of $4,000.  In addition, plaintiff is entitled to attorneys' fees and costs in an amount to be proved at trial.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

### FOURTH CAUSE OF ACTION

### FAILURE TO PAY WAGES

### (*Labor Code* §§ 204, 207)

### (Against Defendants CAL. NED. and DOES 1-50)

44.   The allegations of the Statement of Facts and preceding paragraphs are incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Pay Wages.

7

COMPLAINT FOR DAMAGES

45.   In California, wages must be paid at least twice during each calendar month on the days designated in advance as regular paydays. The employer must establish a regular payday and is required to post a notice that shows the day, time and location of payment. *Labor Code* §207. Wages earned between the 1st and 15th days, inclusive, of any calendar month must be paid no later than the 26th day of the month during which the labor was performed, and wages earned between the 16th and last day of the month must be paid by the 10th day of the following month. Other payroll periods such as weekly, biweekly (every two weeks) or semimonthly (twice per month) when the earning period is something other than between the 1st and 15th, and 16th and last day of the month, must be paid within seven calendar days of the end of the payroll period within which the wages were earned. *Labor Code* section 204.

46.   During her employment, plaintiff worked hours for which she was not paid.

47.   Plaintiff has been available and ready to receive wages owed to her.

48.   Plaintiff has never refused to receive any payment, nor has plaintiff been absent from defendants' regular places of business.

49.   Defendants' failure to pay plaintiff wages earned was wilful because it had knowledge of the illegality of failing to pay plaintiff wages earned and owed and has intentionally failed to do so as required by law.

50.   Plaintiff also requests all unpaid wages, waiting time penalties and interest. (*Labor Code* §§ 218.5, 218.6.)   Plaintiff further requests civil penalties as provided for in *Labor Code* section 558.

51.   As a direct and proximate result of defendants' failure to provide the entitlements set forth above, plaintiff has suffered lost wages and other benefits of employment in an amount to be proven at trial.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

///

///

///

///

COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION IN VIOLATION OF

### *BUSINESS AND PROFESSIONS CODE* §17200, et seq.

### (Against Defendants CAL. NED. and DOES 1-50)

52.   The allegations of the Statement of Facts and preceding paragraphs are incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Unfair Competition in Violation of *Business and Professions Code* section 17200, et seq.

53.   Defendants' conduct constitutes unfair competition pursuant to *Business and Professions Code* section 17200, et seq.  Defendants' conduct included unlawful, unfair and/or fraudulent business acts or practices, to wit: defendants' unlawful failure to provide meal periods, failure to pay wages and failure to provide wage statements.  By failing to do so, defendants gained an unfair advantage over its competitors who did provide meal periods, did pay wages and proper wage statements.

54.   Defendants are strictly liable for engaging in unfair competition in violation of *Business and Professions Code* section 17200, et seq.

55.   As a direct and proximate result of defendants' unfair competition as alleged herein, plaintiff seeks an order restoring money which may have been acquired by means of unfair competition.

56.   Pursuant to *Business and Professions Code* section 17203, plaintiff requests the court enjoin defendants from performing or proposing to perform an act of unfair competition.  Plaintiff also requests the  court make such orders as may be necessary to restore to plaintiff any money or property, real or personal, which may have been acquired by means of such unfair competition.

57.   Unless restrained, defendants will continue in the acts and conduct set forth above, to plaintiff's great and irreparable injury, for which damages will not afford adequate relief.  Therefore, plaintiff seeks injunctive relief.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### WRONGFUL RETALIATION / TERMINATION

### IN VIOLATION OF PUBLIC POLICY

*(Labor Code §§ 204, 207, 210, 226, 226.7, 512, 1102.5, et seq.; Business and*

*Professions Code §17200, et seq.)*

**(Against Defendants CAL. NED. and DOES 1-50)**

58.   The allegations of the Statement of Facts and preceding paragraphs are incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Wrongful Retaliation / Termination in Violation of Public Policy.

59.   The following code sections and orders are important public policies that inure to the benefit of the public at large: *Labor Code* section 210, 226, 226.7, 512, 1102.5, et seq.; *Business and Professions Code* section 17200, et seq.

60.   Defendants refused to comply with these code sections and orders and when plaintiff complained, she was retaliated against.

61.   Plaintiff alleges that the terms and conditions of her employment and the retaliation she was subjected to was in violation of the public policy of the State of California.(*Labor Code* §§ 210, 226, 226.7, 512, 1102.5, et seq.; *Business and Professions Code* §17200, et seq.)  These laws, orders and code sections are important public policies that inure to the benefit of the public at large.

62.   It is the law and public policy of the State of California that no employer may retaliate against an employee because the employee asserted his or her legal rights, including protesting defendant's illegal wage and hour practices and defendant's policies which have deprived plaintiff and others of wages. (*Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137, 1147; *Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361 (wrongful termination due to communication about wage issues); *Hentzel v. Singer* (1982) 138 Cal.App.3d 290, 296 (California has long maintained a policy of protecting the right of

///

///

10                                                   COMPLAINT FOR DAMAGES

employees to voice their dissatisfaction with working conditions); *Phillips v. Gemini Moving Specialists* (1998) 63 Cal.App.4th 563 (*Labor Code* sections form the basis of a violation of public policy based on wage complaints).

63. The above acts of defendants constituted wrongful retaliation and termination of plaintiff and was in violation of public policies as described above. Such retaliation and constructive termination was a substantial factor in causing damage and injury to plaintiff set forth below.

64. Plaintiff further has incurred additional expenses in her efforts to regain employment, all to her damage in an amount according to proof at the time of trial.

65. As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continue to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.

66. As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

67. Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

**PRAYER**

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For compensatory damages, as allowed by law, in excess of $50,000 and according to proof at trial;

2. For lost earnings and related expenses as allowed by law and according to proof at trial;

3. For wages, interest, damages and penalties pursuant to the *Labor Code* and *Business and Professions Code* sections set forth herein;

COMPLAINT FOR DAMAGES

4.  For attorneys' fees and costs as permitted by law, including, but not limited to, *Labor Code* sections 1194 and 226(e);

5.  For civil penalties as allowed by law;

6.  For prejudgment interest on all amounts claimed, as permitted by law; and

7.  For such other and further relief as the Court deems just and proper.

DATED:   January 10, 2016          JAY S. ROTHMAN & ASSOCIATES

_____
JAY S. ROTHMAN
Attorney for Plaintiff
CYNTHIA PRICE

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the foregoing causes of action.

DATED:   January 10, 2016          JAY S. ROTHMAN & ASSOCIATES

_____
JAY S. ROTHMAN
Attorney for Plaintiff
CYNTHIA PRICE

12

COMPLAINT FOR DAMAGES

Exhibit 2

REED E. SCHAPER (SBN 082792)
MONTE GRIX (SBN 241050)
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA  90404
Telephone:  (310) 255-0705
Facsimile:  (310) 255-0986

Attorneys for Defendant
CAL NED., INC.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 1 8 2016

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

CYNTHIA PRICE, an individual,

        Plaintiff,

vs.

CAL. NED. INC., a California corporation;
and DOES I through 50, inclusive,

        Defendants.

Case No.  BC606947
[Hon. Teresa Sanchez-Gordon, Dept. 74]

**DEFENDANT CAL. NED. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

Complaint Filed:   January 14, 2016

Defendant, CAL. NED., INC. ("Defendant"), hereby answers Plaintiff CYNTHIA

PRICE'S ("Plaintiff") Complaint for Damages ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies

each and every allegation contained in the Complaint.  Defendant further denies that Plaintiff has

been damaged in any sum or amount whatsoever, and denies that Plaintiff is entitled to any

damages in any sum or amount whatsoever.

///

///

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     The Complaint and each cause of action alleged therein fails to state facts sufficient to constitute any cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Good Faith Defense)

2.     Plaintiff's claims for waiting time penalties are barred because Defendant's actions or omissions were in good faith, and Defendant had reasonable grounds for believing that the actions or omissions did not violate any Labor Code provision or any order of the Industrial Welfare Commission.

## THIRD AFFIRMATIVE DEFENSE

### (No Knowing, Intentional or Willful Acts)

3.     Plaintiff's claims for damages and penalties are barred because Defendant did not knowingly, intentionally or willfully commit a violation of any Labor Code provision or any order of the Industrial Welfare Commission.

## FOURTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

4.     As an affirmative defense to Plaintiff's prayer for attorneys' fees, Defendant avers that Plaintiff has failed to state facts sufficient to recover attorneys' fees.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

5.     As an affirmative defense to Plaintiff's sixth cause of action, Defendant avers that Plaintiff has failed to adequately mitigate her damages, if any, resulting from her alleged wrongful termination of employment; specifically, Defendant is informed and believes that Plaintiff has failed to make adequate efforts to obtain new employment after the termination of her employment with Defendant, and is accordingly barred from recovering compensatory damages resulting from such alleged wrongful termination.

2

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1

### SIXTH AFFIRMATIVE DEFENSE

2

#### (Section 301 Preemption—Collective Bargaining Agreement)

3     6.     The Complaint, and each cause of action set forth therein, is preempted by Section

4     301 of the Labor Management Relations Act (29 U.S.C. §185(a).

5

### SEVENTH AFFIRMATIVE DEFENSE

6

#### (Failure to Use Preventative Opportunities)

7     7.     Plaintiff's claims are barred in whole or in part because Defendant exercised

8     reasonable care to promptly investigate, address and prevent any wrong that Plaintiff alleges she

9     suffered.  Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities

10    provided by Defendant or to avoid harm otherwise.

11

### RIGHT TO RAISE ADDITIONAL AFFIRMATIVE DEFENSES

12    Further, the Complaint fails to state the factual bases of claims made against Defendant

13    with sufficient particularity so as to enable Defendant to determine all of its defenses thereto.

14    Therefore, Defendant reserves the right to assert all applicable defenses to the Complaint once the

15    specific bases of such claims are determined through discovery or otherwise.

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

3

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant prays for judgment on the Complaint and against Plaintiff as follows:

    1.    That Plaintiff take nothing by her Complaint against Defendant, and that judgment be entered in favor of Defendant on each of Plaintiff's causes of action;

    2.    That Defendant recover the costs of suit herein;

    3.    That Defendant be awarded reasonable attorneys' fees; and

    4.    For such other and further relief as this Court deems just and proper.

Dated:   February 17, 2016            HIRSCHFELD KRAEMER LLP

By: _____
                            Reed E. Schaper
                            Monte Grix
Attorneys for Defendant
CAL NED., INC.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

4

1

·   · **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600,

4

Santa Monica, California 90404. On **February 18, 2016** I served the following document(s) by the method indicated below:

5

**DEFENDANT CAL. NED. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

6

☐ by transmitting **via facsimile** on this date from fax number (310) 255-0986 the document(s) listed

7

above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the

8

parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

9

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am

10

readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage

11

thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than

12

one day after date of deposit for mailing in affidavit.

13

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger**
**delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily

14

familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On February 17, 2016, I

15

caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth

16

below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to **an express**

17

**mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

18

19

Jay S. Rothman, Esq.                      Telephone: (818) 986-7870
JAY S. ROTHMAN & ASSOCIATES   Facsimile: (818) 990-3019

20

21900 Burbank Boulevard, Suite 210   E-Mail: lawyers@jayrothmanlaw.com
Woodland Hills, California 91367

21

*Attorneys for Plaintiff CYNTHIA PRICE*

22

I declare under penalty of perjury under the laws of the State of California that the above

23

is true and correct. Executed on **February 18, 2016**, at Santa Monica, California.

24

*[signature]*

25

Mayra L. Vera

26

4838-7247-7998, v. 1

27

28

5

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On **July 27, 2016**, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL (28 U.S.C. §§ 1331, 1441(A) AND 1446)**

☐ by transmitting **via facsimile** on this date from fax number (310) 255-0986 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On **July 27, 2016**, I caused to be served via messenger the above-listed documents.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by electronic Filing: I hereby certify that on **July 27, 2016**, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Jay S. Rothman, Esq.
JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Boulevard, Suite 210
Woodland Hills, California 91367

Telephone: (818) 986-7870
Facsimile: (818) 990-3019
E-Mail: lawyers@jayrothmanlaw.com

*Attorneys for Plaintiff CYNTHIA PRICE*

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on **July 27, 2016**, at Santa Monica, California.

MAYRA L. VERA

4812-5272-4271, v. 1

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

12